The facts of the case, together with the points argued and decided, appear in the opinion of the court delivered by
Randolph J.
The first reason urged for the reversal of the proceedings in this caso, is the insufficiency of the complaint filed; but as that is copied from the form in Ewing’s Justice, which has been long approved of by this court, and recently settled in Winter v. Davis, it is not necessary further to consider this objection.
Under a rule of this court, evidence was taken, to show certain deficiencies of proof on the trial; the reading of which evidence was objected to, on the ground, that the justice should have been called on to certify the facts. The rule on this subject is laid down in 1 South. 364, and appears to be, that when diminution is alleged of matter properly appertaining to the duty of the justice, or which should have been entered in his docket, a rule should be taken on him to certify the same; but extrinsic matter should be proved, under a rule to take affidavits. The evidence, therefore, taken in this case, is competent to be read; but depending as it does, on the mere recollection of witnesses as to what was proved on the trial, the verdict should not be disturbed for alleged want of evidence, unless that should be very clear, and upon a material point.
It is said, that the terms of the lease were not proved before the *606 justice ; but I think the evidence taken under the rule shows that there was sufficient proof to warrant the jury in finding, that the lease commenced on a first of April — probably of the year eighteen hundred and forty-four; and if there were no evidence as to the duration, the law would construe it to be for a year, or from year to year. Den v. Adams, 7 Halst. 99, 2 Blk. Com. 147. Tenancy from year to year will be inferred from general occupancy, unless a contrary interest appear. 3 Burr. 1609. The next objection is, that there was no sufficient written demand and notice. The one proved, which was signed by the plaintiff and dated the 28th of December, 1844, reads thus:
“ Mr. David E. Townly: Sir — You are hereby notified to give me peaceable possession of the house and lot, where you now live, on or before the first day of April next.”
This notice, which was served on Townly about the time it bears date, is said to be only a notice to quit; and to have been served,three months before the expiration of the lease; whereas the statute says, “ if any tenant shall hold over after demand and notice in writing.” Sec. 5, Elm. Dig. 208. In my opinion, no valid objection lies either to the notice or the time of service. Why should the landlord be compelled to wait till after the expiration of the tenancy before he can give notice or demand of possession? Or, if he gives the regular notice to quit, as it is called, which is a demand for possession at the expiration of the tenancy, why should he be required to make a new demand after that time has elapsed ? There can be no good reason for such a course of proceeding, unless the statute imperatively requires it; and in my opinion, a just interpretation of the language will not warrant such a construction. The holding over must be after the expiration of the tenancy, and after the demand and notice in writing given; butYhe act does not require that the notice should be after the expiration of the tenancy. In the present case, the year, we consider, expired on the 1st of April, 1845; and the notice to have been given three months before, demanding possession on the first of April. This is a literal, as well as substantial, compliance with the statute. The 5th section of the act concerning landlords and tenants, Elm. Dig. 303, says, “in case any tenant shall hold over after the determination *607 of such term, and after demand made and notice in writing given,” he shall pay double rent, &c. This language is stronger than that of the section now under consideration, and if the construction contended for by the counsel for the plaintiff in Certiorari be correct, then a notice to quit cannot be given until after the expiration of the tenancy ; and as that notice must be given three months before the close of the tenant’s year, it cannot be given at all. Nor do the cases cited warrant the construction contended for; in Mead v. Kirkpatrick, 3 Halst. 308, the suit was brought before notice was given, and before the holding over commenced. Allen v. Smith, 7 Halst. 199, only proves, that notice given after the tenancy expired is sufficient; not that it would be insufficient, if given before.
The next objection taken, is to the entry of the judgment, which is, “ that the said J. R. be restored to the possession of her premises, in her complaint specified, and that she recover, &e.” This is certainly sufficient, and the reference to the demand, for a description of the premises, is in accordance with the common law form of entering judgments ; and cannot vitiate the proceedings, for the statute requires the demand to be entered on record, and it forms part of the judgment and proceedings in the ease. The cases referred to do not sustain the objections. In 1 Har. 321, the judgment varied from the demand, which was itself held to be insufficient for uncertainty. In 2 Penn. 661, there was no judgment of restoration, but only a recital of the verdict, that defendant was found guilty, &c.; and in 2 South. 818, it was “ for plaintiff for said unlawful detainer and costs which of course was no judgment.
It was also objected on the argument, that the written evidence was not noticed by the justice in his docket. This is true, but, the statute does not require that it should be done. Section 16, Elm. Dig. 210, only requires the names of the witnesses, the disputed admissions and rejections of evidence, and the reasons therefor to be entered; all of which has been done in this case. Snediker v. Quick, 1 Green, 306, does not sustain the objection here; in that case, the justice neglected to enter the reasons, &c. I have thus examined the various objections, taken to these proceedings, and do not consider any of them valid. The proceed *608 ings for an unlawful detainer, or forcible entry and detainer, are not to be looked on as of a criminal or penal character. The statute was intended to afford a remedy for the landlord, against the unjust or improper conduct of his tenant; and its provisions should be construed according to the principles of sound reason and common sense; and their beneficial operation not be frittered away by overstrained technicalities, or too nice and subtile constructions.
In my opinion the judgment in this case should be affirmed.
Judgment affirmed.
Whitehead J. concurred. The other justices did not hear the argument and expressed no opinion.
Cited in Houghton v. Potter, 3 Zab. 341; Mor. Can. & Bkg. Co. v. Mitchell, 2 Vr. 106.